UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL FORD,

        Plaintiff,

        Case Number: 99-10090-BC

v.        Honorable David M. Lawson

RESIDENT UNIT MANAGER RODDA,
RESIDENT UNIT MANAGER TODD
BELL,

        Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS

On March 5, 1999, Michael Ford, a prisoner in the custody of the Michigan Department of Corrections, filed a complaint in this court alleging that prison guards beat him without justification. That complaint was screened by the magistrate judge and found to contain claims that had not been presented to the prison grievance system. Eventually, Ford was allowed to amend his complaint so that the present pleading before the court contains only claims that have been exhausted through all grievance stages against defendants who were named in the grievances. On April 27, 2005, the Sixth Circuit decided *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005), in which the court declared that henceforth the policy in this Circuit is to dismiss all "mixed" complaints, that is, those that contain both exhausted and unexhausted claims. Two days later, the defendants filed a motion to dismiss, now before the Court, contending that the original complaint, since amended, contained unexhausted claims and therefore *Jones Bey* compels dismissal. However, because the amended complaint now before the Court contains only exhausted claims, the Court believes it conforms with the rule of *Jones Bey* and the motion to dismiss lacks merit.

I.

The plaintiff's complaint was originally filed on February 10, 1999. The matter was assigned to Judge Robert Cleland, who presided in Bay City at the time. He referred the case to Magistrate Judge Charles E. Binder for general case management. The original complaint in this case alleged, among other things, that the plaintiff was beaten and injured by the defendants in retaliation for statements he made about another prison official during a major misconduct hearing. On May 7, 1999, the defendants filed a motion for summary judgment. The motion was considered by Magistrate Judge Binder. The magistrate judge recommended that the motion for summary judgment be granted. Thereafter, the plaintiff responded to the recommendation with, among other things, a motion to amend his complaint. This Court's predecessor, the Honorable Victoria Roberts, then sitting in Bay City, granted the motion to amend and ordered the magistrate judge to reconsider the motion for summary judgment in light of the amended complaint. On January 4, 2001, the magistrate judge issued a second report recommending that the defendants' motion for summary judgment be denied.

On September 25, 2002, the Court adopted in part the magistrate judge's report in an opinion and order dismissing some claims with prejudice and dismissing some claims without prejudice for failure to exhaust administrative remedies, leaving only unexhausted claims, in accordance with the practice in effect at the time. *See Hartsfield v. Vidor*, 199 F.3d 305 (6th Cir.1999); *see also Garner v. Napel*, 374 F. Supp. 2d 582, 585 (W.D. Mich. 2005). The Court also granted the plaintiff's motion for appointment of counsel and stayed the action until counsel could be appointed. On October 23, 2002, the Court clarified its ruling, leaving Rodda and Bell as the only remaining defendants. The matter again was referred to the magistrate judge for the appointment of counsel. After the magistrate judge encountered difficulty securing counsel, the Court located an attorney on

-2-

the district's *pro bono* appointment list, and Attorney Alan Wittenberg of Southfield, Michigan was appointed on April 7, 2003.

Attorney Wittenberg encountered logistical difficulty meeting with his client after the Michigan Department of Corrections chose to transfer the plaintiff to a prison in Michigan's Upper Peninsula, over three hundred miles from the attorney's office. On August 12, 2003, the Court entered an order allowing Mr. Wittenberg to withdraw as counsel. The Court encountered difficulty finding a volunteer attorney to accept the case *pro bono* until present counsel, Victor Mastromarco, agreed to represent the plaintiff. Attorney Mastromarco was appointed for the plaintiff on February 23, 2005. The defendants filed their motion to dismiss on April 29, 2005. The plaintiff opposes the motion.

II.

In *Jones Bey*, the Sixth Circuit set forth the manner in which district courts in this circuit are now to proceed with so-called "mixed" petitions under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. Until *Jones Bey*, district courts generally handled complaints in which a prisoner alleged exhaustion of administrative remedies with respect to some claims but not others in one of two ways: dismissing without prejudice the case in its entirety (the total exhaustion rule); or allowing the prisoner to proceed only on the exhausted claims. *Compare Alexander v. Davis*, 282 F. Supp. 2d 609, 612 (W.D. Mich. 2003) (rejecting total exhaustion); *and Jenkins v. Toombs*, 32 F. Supp. 2d 955, 959 (W.D. Mich. 1999) (same); *with Chamberlain v. Overton*, 326 F. Supp. 2d 811, 818 (E.D. Mich. 2004) (applying total exhaustion); *and Smeltzer v. Hook*, 235 F. Supp. 2d 736, 745 (W.D. Mich. 2002) (same). This Court adopted a hybrid approach, advocating a factor-based analysis for determining whether total exhaustion is required in a given case. *See Hubbard v.*

*Thakur*, 344 F. Supp. 2d 549, 558-59 (E.D. Mich. 2004). In *Jones Bey*, the court of appeals adopted a total exhaustion rule, citing the following policy concerns:

> One purpose of the act is to reduce the sheer number of prisoner suits, especially frivolous actions. *See Ortiz* [*v. McBride*], 380 F.3d [649,] 658 [(2d Cir. 2004)] (citing 141 Cong. Rec. 26,553 (1995)) (statement of Sen. Hatch). Congress also intended to give increased powers to prisons so that they could solve their problems according to their own internal dispute resolution systems. *See Alexander v. Hawk*, 159 F.3d 1321, 1326 n.11 (11th Cir. 1998) (citing 141 Cong. Rec. S14408-01, S417748) (Sept. 27, 1995). "In the PLRA context, a total exhaustion rule would encourage prisoners to make full use of inmate grievance procedures and thus give prison officials the opportunity to resolve prisoner complaints." *Ross* [*v. County of Bernalillo*], 365 F.3d [1181,] 1190 [(10th Cir. 2004)]. When the courts dismiss the actions without prejudice, prisons would have the opportunity to fully resolve the complaint.

407 F.3d at 807. The *Jones Bey* court also explained the two options available to a prisoner whose mixed complaint was dismissed by the district court: wait until all of the claims are exhausted and re-file the action, or "simply institute an action with only the exhausted claims" and possibly bring the other actions in court at a later time after they have been exhausted. *Id*. at 808. In the case before the Court, the plaintiff is in the same position as if he had instituted an action with only the exhausted claims. His unexhausted claims were dismissed approximately three years ago.

Although the Sixth Circuit has interpreted the exhaustion requirement of the Prison Litigation Reform Act strictly, this interpretation appears to arise out of the necessity for initial screening under the Act to eliminate excessive or frivolous prisoner litigation. In *Baxter v. Rose*, 305 F.3d 486 (6th Cir. 2002), filed the same day this Court adopted the magistrate judge's recommendation that resulted in accepting the amended complaint, the court of appeals held that prisoners may not amend their complaints to cure a failure to plead exhaustion. *Id*. at 487. The court explained that "[t]his court's heightened pleading standards for complaints covered by the PLRA are designed to facilitate the Act's screening requirements, which require district court [sic]

to dismiss defective actions *sua sponte*, in many cases, before any responsive pleading by the defendant." *Id*. At 489. The court stressed the importance of the exhaustion requirement in the screening process: "The possibility of amendment undermines the screening process, preventing courts from efficiently evaluating whether the plaintiff met the exhaustion requirement." *Id.* at 489. The case before the court has long passed the time for screening, when a "mixed" petition is usually dismissed. The practice at that time was to dismiss only unexhausted claims and proceed to address the merits of the exhausted ones. *Cf. Hartsfield*, 199 F.3d at 309-10.

It does appear that the rule in *Jones Bey* applies retroactively to this case. The Supreme Court in *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97 (1993), established that decisions of the Court would apply retroactively in civil cases. "When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule." *Id.* at 97. The Sixth Circuit has indicated that the retroactivity standard announced in *Harper* applies to its own decisions. *In re Federated Dep't Stores, Inc.*, 44 F.3d 1310, 1318 (6th Cir. 1995). This Court has retroactively applied *Jones Bey*, as the defendant notes, in at least two cases since it was decided. *See Hubbard v. Thakur*, No. 03-10058 (May 17, 2005) (case had been referred to the magistrate judge to consider a number of factors in deciding whether to dismiss the case in its entirety or to dismiss only the unexhausted claims; order to withdraw order of reference and dismiss case in accordance with *Jones Bey*); *Hood v. Caruso*, No. 05-10006 (May 3, 2005) (reasoning "[a]lthough the magistrate judge was operating under explicit instructions from the Court, the Court must reject the report and recommendation because of the intervening decision by the Sixth Circuit [in *Jones-Bey*]"). In both

-5-

of these cases, however, the Court had not yet made a formal ruling on the unexhausted claims when it applied *Jones Bey*.

Although the case law tends to support the retroactive application of *Jones Bey* in the present case, the defendants presume that the effect of applying *Jones Bey* retroactively to Ford's complaint is the dismissal of the entire action without prejudice. However, the unexhausted claims were dismissed by the Court in September of 2002 and thus are no longer part of the complaint, effectively amending the complaint so that only exhausted claims remain. It is the amended complaint to which the *Jones Bey* rule must be applied since it, not the original complaint, is the operative legal document in the case. *See Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306-7 (6th Cir. 2000) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir.2000) (holding that when a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward).

To dismiss the case now, the Court would have to conclude that when it dismisses a claim from a complaint, the complaint still for all legal purposes contains the dismissed claim. The defendants provide no case law that would suggest that *Jones Bey* was meant to change the effect of a dismissal on a complaint. The operative complaint now before the Court is not a "mixed" complaint, and *Jones Bey* does not mandate its dismissal.

Even if the Court were to read *Jones Bey* to require the dismissal of the only remaining, exhausted claims, the result in this case likely would be that Ford would re-file the exact same claims that are now before the Court and the case would proceed. *See Jones Bey,* 407 F.3d at 808. To dismiss this action now would exalt form over substance, frustrate the policy and principles supporting the total exhaustion rule, and amount to a wasteful expenditure of judicial resources.

III.

The plaintiff's complaint now before the Court contains only exhausted claims. It need not be dismissed under the new practice ordained by the Sixth Circuit in *Jones Bey*.

Accordingly, it is **ORDERED** that the defendants' motion to dismiss [dkt # 84] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: September 26, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 26, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS