UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL FORD,

        Plaintiff,

                                              Case Number: 99-10090-BC
v.                                             Honorable David M. Lawson

RESIDENT UNIT OFFICER EDWARD RODDA,
RESIDENT UNIT OFFICER RODNEY BELL,

       Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO TAX COSTS

This matter is before the Court on the defendant's motion to tax costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. §§ 1920, 1923 as a prevailing party following a two-day jury trial. The defendant seeks $372.10 for costs incurred as a result of taking depositions, $4.80 for copying fees, and $20.00 in docketing fees. The Court finds that the defendant is entitled to the costs it seeks save for the deposition expenses because the depositions were neither used at trial or in support of a motion.

Federal Rule of Civil Procedure 54(d)(1) permits the Court to award costs other than attorneys fees to a prevailing party as a matter of course. The Rule specifies that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Costs are defined in 28 U.S.C. § 1920 and include:

    (1) Fees of the clerk and marshal;
    (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
    (3) Fees and disbursements for printing and witnesses;
    (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
    (5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Sixth Circuit has held that Rule 54(d) raises "'a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court.'" *McDonald v. Petree*, 409 F.3d 724, 732 (6th Cir. 2005) (quoting *White & White*, *Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986)). In determining whether to award costs, the district court should ignore the following factors: "(1) 'the size of a successful litigant's recovery' and (2) 'the ability of the prevailing party to pay his or her costs.'" *Ibid.* Further, the Court "may consider but that, in the absence of other factors, 'do not warrant an exercise of discretion under Rule 54(d)' are 'the good faith a losing party demonstrates in filing, prosecuting or defending an action' and the 'propriety with which the losing party conducts the litigation.'" *Ibid.* Finally, "a district court does not abuse its discretion merely because it awards costs in a 'close and difficult' case." *Ibid.* (quoting *United States Plywood Corp. v. Gen. Plywood Corp.*, 370 F.2d 500, 508 (6th Cir. 1966)).

With respect to what costs maybe taxed, the Sixth Circuit has explained that

[T]he court has broad discretion in allowing or disallowing the particular items listed in § 1920 as costs. *See Hodge v. Seiler*, 558 F.2d 284, 287 (5th Cir. 1977). The Supreme Court has held that "federal courts are bound by the limitations set out in . . . § 1920." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). *See also Trepel v. Roadway Express, Inc.*, 266 F.3d 418, 427 (6th Cir. 2001). However, "[i]t is generally recognized that courts may interpret the meaning of items listed in ... § 1920." Kurtis Kemper, Annotation, Taxation of costs associated with videotaped depositions under 28 U.S.C.A. § 1920 and Rule 54(d) of Federal Rules of Civil Procedure, 156 A.L.R. Fed. 311 (2004).

*BDT Products, Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 419 (6th Cir. 2005).

The United States District Court for the Eastern District of Michigan Bill of Costs Handbook provides further guidance. As a general rule, deposition costs are not taxable unless they are used

at trial or in support of a motion:

> If a witness is subpoenaed to the trial, but does not testify, or if a witness is deposed, but the transcript is not used at trial or in support of a motion, the taxation clerk will not tax the fees and disbursements as to that witness.

Bill of Costs Handbook at § II. C. In this case, the defendant has not asserted that the depositions for which it now seeks costs were used a trial or in support of motion. The Court therefore will deny the defendant's motion with respect to the $372.10 sought for depositions. The remaining costs, however, fall within the statutory provisions, and the Court will grant the defendant's motion in that regard.

Accordingly, it is **ORDERED** that the defendant's motion to tax costs [dkt # 106] is **GRANTED IN PART** and **DENIED IN PART**.

It is further **ORDERED** that the defendant is awarded costs in the amount of $24.80.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: November 16, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 16, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS